## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| URSULA ROBERTS and LEE A. ROBERTS, | |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING, LLC; and DOES 1-10 inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

For this Complaint, the Plaintiffs, Ursula Roberts and Lee A. Roberts, by undersigned counsel, states as follows:

### **JURISDICTION**

1.   This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and § O.C.G.A. 10-1-399 *et seq.*

2.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4.     Plaintiff Ursula Roberts (hereinafter "Plaintiff Ursula") is a natural person who resides in the City of Jackson, County of Butts, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

5.     Plaintiff Lee A. Roberts (hereinafter "Plaintiff Lee") is a natural person who resides in the City of Jackson, County of Butts, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

6.     Defendant Ditech Financial, LLC f/k/a Green Tree Services, LLC ("Ditech/Green Tree")  is a Pennsylvania  business entity, with an address of 601 S. 1100 Virginia Drive, Suite 100 A, Fort Washington, Pennsylvania 19034, and is a "person" as defined by 47 U.S.C. § 153(39).

7.     Does 1-10 (the "Agents") are individual agents employed by Ditech/Green Tree and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

8.     Ditech/Green Tree at all times acted by and through one or more of the Agents.

## **FACTS**

9.     In or around early 2012, Defendants called Plaintiffs' cellular telephone, number 678-XXX-8147.

10.   At all times relevant to this complaint, the Defendants used, controlled, and/or operated "automatic telephone dialing systems" and/or by using an artificial or prerecorded voice.

11.   Defendants never had consent to call Plaintiffs' cellular phone.

12.   Nonetheless, Defendants continued to call Plaintiffs' cellular telephone.

13.   Plaintiffs shared a personal cell phone.

14.   When the Defendants initially called, Ursula advised the Defendants not to call the cell phone.

15.   Defendants would continue to call despite being told not to call until Plaintiff Lee answered.

16.   In early 2014, Plaintiff Lee gave the Defendants permission to call after they called him at work.

17.   Upon information and belief, the next call placed by the Defendants was answered by Plaintiff Ursula who revoked authority to call.

18.   The Defendants continued to call.

19.   Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiffs' cellular telephones on numerous occasions in violation of the TCPA.

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

20.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     At all times mentioned herein and within the last four years, Defendants called Plaintiffs on their cellular phone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

22.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers that phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the

call as having been abandoned." *Id*. Further, the *2015 TCPA Order* (FCC 15-72), the FCC affirmed "that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers."

23. Defendants' telephone systems have some of the earmarks of a Predictive Dialer. Often times when Plaintiffs answered the phone, they were met with a recording before Defendants' telephone system would connect to the next available representative.

24. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. Despite Plaintiffs never initially gave permission to call the cell phone and directed Defendants to cease all calls to the cellular telephone once they began, Defendants continued to place automatic telephone calls to Plaintiffs' cellular telephone knowing that it lacked consent to call the number. As such, each call placed to Plaintiffs were made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

26.    The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

27.    The calls from Defendants to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28.    The Plaintiffs are entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiffs pursuant to 47 U.S.C. § 227(b)(3)(B).

29.    Defendants willfully and knowingly violated the TCPA, and as such the Plaintiffs are entitled to $1,500.00 per telephone call made to the Plaintiffs pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II.

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES

## ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

30.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    The Defendants' actions in attempting to collect a debt have taken place in the conduct of consumer acts or practices.

32.    Defendants violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

33.    Defendants acted intentionally in violating the GFBPA.

34.   Plaintiffs suffered damages because of Defendants' violations of the GFBPA as described above and to be further established at trial.

35.   Plaintiffs are entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.


### COUNT III.

### INVASION OF PRIVACY

36.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37.   Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

38.   Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

39.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

40.   The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

41.   As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT IV.

## UNREASONABLE COLLECTION PRACTICES

42.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

43.   Defendants used unreasonable collection practices upon Plaintiff.

44.   Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

45.   The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

46.   As a result, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT V.

## RIGHT TO BE LEFT ALONE

47.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

48.   Defendants violated Plaintiff's right to be left alone.

49.   Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

50.   The intrusion by Defendants occurred in a way that would be highly offensive to Plaintiff.

51.   As a result, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT VI.

## PUNITIVE DAMAGES

52.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53.   Defendants violated Plaintiff's rights.

54.   The Defendants' actions occurred in a way that would be highly offensive and outrageous to a reasonable person.

55.   As a result, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

1.   for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);

2.   for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

3.   for an award of damages for an invasion of privacy;

4.  for an award of costs of litigation, reasonable attorney's fees, and treble

damages pursuant to O.C.G.A. § 10-1-390 et seq. against Defendants; and

5.  for such other and further relief as may be just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Respectfully submitted,

Dated: June 14th, 2016                **JOSEPH P. MCCLELLAND, LLC**


By: s/Joseph P. McClelland
Joseph P. McClelland, Esq.
Attorney  I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone:  (770) 775-0938
Facsimile: (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.l B. This Motion has been prepared in Times New Roman font, 14 point.

This 14th day of June, 2016.

Respectfully submitted,

**JOSEPH P. MCCLELLAND, LLC**

By: <u>s/Joseph P. McClelland</u>
Joseph P. McClelland, Esq.
Attorney  I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone:  (770) 775-0938
Facsimile: (770) 775-0938
<u>joseph@jacksonlaws.com</u>